IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC NATHANIEL SAMMONS, | * | |
| Petitioner, | * | Civil Action No. RDB-20-2333 |
| v. | * | Crim. Action No. RDB-17-0087 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On October 3, 2017, *pro* se Petitioner Eric Nathaniel Sammons ("Sammons" or "Petitioner") pled guilty to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a). (Plea Agreement, ECF No. 27.) This Court sentenced Petitioner to a total term of 420 months (35 years) of imprisonment, within the terms of his agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, pursuant to which he agreed that a sentence of no more than 480 months (40 years) was appropriate. (Judgment, ECF No. 43.)

Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67.) The Government has filed a Response in opposition. (ECF No. 69.) Petitioner was given 28 days following the Government's Response to file a Reply, but he did not do so. (*See* ECF No. 68.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) is DENIED.

**BACKGROUND**

On February 14, 2017, Eric Nathaniel Sammons was charged in a seven-Count Indictment with production of child pornography, in violation of 18 U.S.C. § 2251(a) (Counts 1, 2, 3, 5, 6), and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Counts 4, 7). (Indictment, ECF No. 1.) On October 3, 2017, Sammons pled guilty to Counts 1 and 3, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement, ECF No. 27.) Sammons stipulated that, "between 2014 and 2016, [he] sexually exploited four minors and produced images of the minors engaged in sexually explicit conduct. …[and] maintained a collection of child pornography on his digital devices." (*Id.*, Attachment A.) Sammons further agreed that a sentence of no more than 40 years' imprisonment (480 months) was the appropriate and reasonable sentence. (*Id.* ¶ 12.) Sammons also waived his right to appeal his sentence. (*Id.* ¶ 21.)

This Court conducted a Sentencing Hearing on June 4, 2018. (ECF No. 42.) At sentencing, this Court reviewed the Presentence Investigation Report ("PSR") with Sammons, his counsel, and the Government. (6/4/2018 Sentencing Tr., ECF No. 53; PSR, ECF No. 32.) The PSR reflected a total offense level of 43 and a criminal history category of III, resulting in an advisory guideline range of life imprisonment. (PSR ¶ 93.) However, because the statutorily authorized maximum sentences were less than the maximum of the applicable guideline range, the guideline range was adjusted to 720 months (60 years). (*Id.*) The Government recommended a sentence of 480 months (40 years) and defense counsel recommended a sentence of 180 months (15 years). At sentencing, the Court noted that it must also consider the agreed 11(c)(1)(C) plea agreement of no more than 40 years'

imprisonment. (6/4/2018 Sentencing Tr. at 36-38, 54-55, ECF No. 53.) Based on these factors, this Court sentenced Sammons to 240 months' imprisonment as to Count 1 and 180 months' imprisonment as to Count 3, to run consecutive with Count 1, for a total term of 420 months of imprisonment, followed by a lifetime period of supervised release. (Judgment, ECF No. 43.)

Despite waiving his right to appeal his conviction and sentence, Sammons appealed his sentence to the United States Court of Appeals for the Fourth Circuit on June 18, 2018. (*See* Notice of Appeal, ECF No. 45.) On January 24, 2019, the Fourth Circuit dismissed Sammons's appeal and affirmed his conviction and sentence. (ECF No. 55.); *United States v. Sammons*, 748 Fed. App'x 575 (Mem.) (4th Cir. Jan. 24, 2019).

On August 12, 2020, Sammons filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 67.) On October 7, 2020, the Government filed a Response in opposition to Sammons's Motion. (ECF No. 69.) Sammons was given 28 days following the Government's Response to file a Reply, but he did not do so. (*See* ECF No. 68.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a

collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

**ANALYSIS**

Sammons argues that his sentence must be vacated because (1) he received an excessive sentence that was disparate with similarly situated defendants; (2) the original search of his cell phone was an illegal search and seizure in violation of the Fourth Amendment to the United

4

States Constitution; and (3) his attorney failed to render effective assistance of counsel. As explained below, Sammons's first two arguments are procedurally barred because Sammons failed to raise them on appeal and has failed to show cause and prejudice. While Sammons may assert his ineffective assistance of counsel claim for the first time on collateral review, this claim also fails because Sammons has not shown that his counsel was deficient under the *Strickland* standard.

I.   **Procedurally Barred Claims.**

As noted above, it is well-settled that a § 2255 motion is not a vehicle to circumvent a proper ruling on appeal, *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013), and a defendant will not "be allowed to recast, under the guise of collateral attack, questions fully considered by [the Circuit Court on direct appeal]." *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (citing *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955)).

Additionally, if a defendant waives an issue by failing to raise it on direct appeal and then later attempts to raise it as a collateral attack, that motion is procedurally barred. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). An exception to this rule applies where a petitioner demonstrates both "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 443 U.S. 72, 87 (1977), or where a petitioner can demonstrate that he is "actually innocent." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, (2004); *Reed v. Farley*, 512 U.S. 339, (1994); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). To show actual prejudice, Petitioner has the burden of showing that the alleged errors "worked to his *actual* and substantial disadvantage" with "error of constitutional dimensions." *Frady*,

5

456 U.S. at 170. Ultimately, when a sentence imposed by a district court was "'within the statutory limits,' and the proceedings were not 'infected with any error of fact or law of the fundamental character' the claim [is] not appropriate for a § 2255 review." *United States v. Foote*, 784 F.3d 931, 937 (4th Cir. 2015) (quoting *United States v. Addonizio*, 442 U.S. 178, 186, 99 S. Ct. 2235 (1979)).

Sammons argues that his sentence is excessive and disparate from similarly situated defendants. In addition, he argues that the search of his cell phone was an illegal search and seizure. However, the Fourth Circuit summarily rejected Sammons's challenge to his sentence on appeal, concluding that "Sammons knowingly and voluntarily pled guilty and waived his right to appeal his sentence." *United States v. Sammons*, 748 Fed. App'x 575 (Mem.) (4th Cir. Jan. 24, 2019). Accordingly, Sammons may only present these arguments if he can show cause and prejudice, or actual innocence.

Sammons offers little to support his bald allegations and fails to establish cause, actual prejudice, or actual innocence warranting relief from the procedural bar of his claims. At sentencing, this Court found Sammons's conduct to be more egregious than defendants similarly situated in the two cases upon which Sammons now relies, *United States v. Gilmer*, Criminal Number RDB-09-311 (D. Md. June 4, 2009), and *United States v. Hines*, Criminal Number RDB-16-378 (D. Md. July 8, 2016). (6/4/2018 Sentencing Tr., ECF No. 53.) Specifically, this Court noted that Sammons's conduct of "sneaking into someone's home, going past their bedroom and invading the space of their children is pretty egregious, and … more egregious than the *Gilmer* case." (*Id.* at 57.) Finally, Sammons's sentence of 35 years

was well below the low-end of the advisory guideline range which entailed a maximum of 720 months.  (*See* PSR ¶¶ 92-93, ECF No. 32.)  Accordingly, these claims are procedurally barred.

## II. Petitioner Received Effective Assistance of Counsel.

Sammons argues that his counsel was ineffective by: failing to follow up on the status of Sammons's evidentiary motions filed prior to Sammons's plea agreement; failing to communicate with Sammons; and having Sammons "lie to the court and say that he had seen and reviewed the PSR twice before that point." (Pet'r's Memo. at 6, ECF No. 67-1.)

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688.  In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89.  To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689.  Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693.  In the plea-bargaining

context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Sammons's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689). Sammons's arguments that his counsel was deficient by failing to follow up on evidentiary motions, failing to communicate with Sammons, and having Sammons lie about having seen the Presentence Investigation Report ("PSR") prior to sentencing are all contradicted by Sammons's own sworn statements during the Rule 11 proceeding and at sentencing. At his arraignment, Sammons expressed his satisfaction with defense counsel:

| | |
|---|---|
| **The Court:** | And have you fully discussed these charges with your attorney[]? |
| **The Defendant:** | Yes. |
| **The Court:** | Have you discussed the whole situation with him including the evidence in the case? |
| **The Defendant:** | Yes. |

* * *

| | |
|---|---|
| **The Court:** | Are you fully satisfied with [counsel] and his representation and the advice which he has given you? |
| **The Defendant:** | Yes. |
| **The Court:** | Is there anything that you have asked [counsel], the Assistant Federal Public Defender to do which he has not done? |
| **The Defendant:** | No. |

(10/3/2017 Arraignment Tr. at 10-11, ECF No. 51.) Accordingly, there is no reason for this Court to now doubt the truth of Sammons's sworn statements that his counsel was effective. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

Likewise, at sentencing, Sammons's sworn statements contradict his present assertion that he did not review the PSR:

| | |
|---|---|
| **The Court:** | … Have you had the occasion to review the presentence report in this case which was prepared by Ms. McGuiness -- |
| **The Defendant:** | I have, Your Honor. |
| **The Court:** | -- the U.S. Probation officer? |
| **The Defendant:** | I have, Your Honor. |
| **The Court:** | All right. And approximately how many times have you reviewed it with [counsel]? |

(Counsel conferring with the Defendant.)

| | |
|---|---|
| **The Defendant:** | Two times. |
| **The Court:** | All right. Two times? Are you satisfied you've had a sufficient amount of time to go over it with him? |
| **The Defendant:** | I am. |

(6/4/2018 Sentencing Tr. at 7, ECF No. 53.) Finally, any effort by counsel to follow up on evidentiary motions—as Sammons argues counsel should have done—would have been futile, as Sammons knowingly and voluntarily pled guilty. (*See* Plea Agreement, ECF No. 27.)

9

In sum, none of counsel's actions were constitutionally defective, and Sammons's ineffective assistance of counsel claims must fail. As a result, because all of Sammons's arguments lack merit, Sammons's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 67) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: November 9, 2020

                                                                                          _____/s/_____
                                                                                          Richard D. Bennett
                                                                                         United States District Judge